# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GERALD EDWARDS,** | : | |
| *Plaintiff* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **COLEEN CHRISTIAN,** | : | **No. 24-398** |
| *Defendant* | : | |

## MEMORANDUM

PRATTER, J.                                                                                                             APRIL 8, 2024

Plaintiff Gerald Edwards filed this civil action against Coleen Christian, the Prothonotary of the Bucks County Court of Common Pleas, alleging that Ms. Christian violated his constitutional rights by failing to act on lawsuits Mr. Edwards filed in the Bucks County Court of Common Pleas. Mr. Edwards seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Edwards leave to proceed *in forma pauperis* and dismiss his complaint without prejudice.

### BACKGROUND

The specific factual basis[1] for Mr. Edwards's claims against Ms. Christian is unclear. Mr. Edwards states that he filed a lawsuit in Bucks County against John and Betty Dougherty related to a property dispute. Compl. at 2, Doc. No. 1. He attached as an exhibit to his complaint a copy of the docket for that case, which reflects that the litigation commenced on September 27, 2019.

---

[1] The following facts are taken from Mr. Edwards's complaint and the publicly available dockets for civil actions filed by Mr. Edwards. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim); *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (holding that court may take judicial notice of the record from previous court proceedings). The Court adopts the pagination on the complaint provided by the CM/ECF docketing system.

*Id.* at 9. A review of the publicly available docket for that case reflects that it was terminated on January 8, 2022. *Edwards v. Dougherty*, No. 2019-06816 (Bucks Cnty. Ct. Comm. Pleas 2019).

Mr. Edwards also refers to a "second filing with the Prothonotary Office," which appears related to a second lawsuit he filed pertaining to his ongoing property dispute with the Doughertys. Compl. at 2, Doc. No. 1. The basis for this lawsuit appears to be a card from Harry Davidson of NorthEastern General Contracting, which reads: "Remove your shed now! Or we will[.] Thank you[.]" *Id.* at 11 (cleaned up). According to Mr. Edwards, "[a] man" came from the Dougherty's property and posted this note on his door. *Id.* at 2. Mr. Edwards contends that Mr. Davidson and the Doughertys are "again trying to lay clai[m] to the property" and that he is "trying to resolve this dispute in Bucks C[ounty] Court." *Id.*

Mr. Edwards attached to his complaint as an exhibit a document from the Office of the Prothonotary, stating that an "attached document" not further identified was not processed by the Bucks County court because the "Proper Fee is not enclosed, the fee is $263.25." *Id.* at 6. The document is marked as having been received by the Prothonotary on April 10, 2023. *Id.* Mr. Edwards also attached as an exhibit a copy of a check dated April 11, 2023 made out to "Prothonotary" in the amount of $263.25 noting on the memo line that the check was for "civil case." *Id.* at 7. The check was stamped by the Prothonotary on May 11, 2023. *Id.* A search of public dockets reflects an open case filed by Mr. Edwards against Ms. Dougherty on May 11, 2023. *Edwards v. Christian*, No. 2023-02745 (Bucks Cnty. Ct. Comm. Pleas 2023).

As the basis for the instant lawsuit against Ms. Christian, Mr. Edwards alleges that "the Prothonotary or agent has not act[ed] on" his lawsuits. Compl. at 1–2 (alleging that Ms. Christian "has not act[ed] on [his] suit[]s she has step[ped] outside of her official capacity into a private person."). He further claims that he would "find [Ms. Christian] sitting in the Prothonotary Office

under oath not performing her duties." *Id.* The Court construes Mr. Edwards's complaint as asserting a due process claim against Ms. Christian in her individual capacity.

## LEGAL STANDARD

The Court will grant Mr. Edwards leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. *See* Mot. for Leave to Proceed In Forma Pauperis, Doc. No. 4; Second Mot. for Leave to Proceed In Forma Pauperis, Doc. No. 5. Accordingly, the Court must dismiss Mr. Edwards's complaint if it "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the Plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Mr. Edwards is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.* (internal quotation marks and citations omitted).

3

A complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). Rule 8 requires a pleading to include a "short and plain statement showing that the pleader is entitled to relief," as well as a statement of the Court's jurisdiction and a demand for the relief sought. Fed. R. Civ. P. 8(a). In determining whether a pleading meets Rule 8's plain-statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by [the named] defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). "Naturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* (internal quotation marks omitted). The important consideration for the Court is whether, "a *pro se* complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

## DISCUSSION

Mr. Edwards brings his due process claims pursuant to 28 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court.[2] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences

---

[2] Although Mr. Edwards cites the Fifth Amendment, that provision only applies to the federal government. *See Hall v. Nisbit*, No. 21-2139, 2022 WL 910339, at *2 (3d Cir. Mar. 29, 2022) (per curiam) (citing *Nguyen v. U.S. Catholic Conference*, 719 F.2d 52, 54 (3d Cir. 1983)). Accordingly, the Court construes Mr. Edwards's due process claims as predicated on the Fourteenth Amendment because Ms. Christian is not a member of the federal government.

4

giving rise to the claims. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998); *see also Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018).

"In order to determine whether an individual has been deprived of his property without due process 'it is necessary to ask what process the State provided, and whether it was constitutionally adequate.'" *Revell v. Port Auth. of New York, New Jersey*, 598 F.3d 128, 138 (3d Cir. 2010) (quoting *Zinermon v. Burch*, 494 U.S. 113, 126 (1990)). Mr. Edwards's due process claim is too "vague and ambiguous" to proceed as pled. *Garrett*, 938 F.3d at 94. Other than generally alleging that Ms. Christian failed to "act on" his lawsuits, Mr. Edwards has not explained what, specifically, Ms. Christian did or did not do, or what she was obligated to do but did not do, that could have resulted in a due process violation. To the extent Mr. Edwards's claims are in part predicated on the return of his filing due to his failure to pay the fees associated with that filing — the only action fairly attributable to Ms. Christian — he has not alleged any facts suggesting that this act could give rise to a due process claim, especially since it is apparent that he later paid the fee, and his second lawsuit was filed.

Furthermore, Mr. Edwards's complaint relies heavily on exhibits, which is an insufficient basis upon which to state a claim absent corresponding factual allegations. *See Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."); *RD Legal Funding, LLC v. Barry A. Cohen, P.A.*, No. 13-77, 2013 WL 1338309, at *2 (D.N.J. Apr. 1, 2013) ("Plaintiff cannot meet its pleading

requirements under Rule 8(a) by attaching numerous exhibits to its Complaint."). Thus, if Mr. Edwards chooses to amend his complaint, he must explain his exhibits with factual allegations.

Finally, Mr. Edwards has not alleged a factual basis for a conspiracy. *See Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010) ("[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred."); *see also Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009) (per curiam) (quoting *Crabtree v. Muchmore*, 904 F.2d 1475, 1480-81 (10th Cir. 1990)) ("A conspiracy cannot be found from allegations of judicial error, ex parte communications (the manner of occurrence and substance of which are not alleged) or adverse rulings absent specific facts demonstrating an agreement to commit the alleged improper actions."). In sum, the complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a claim for relief against Ms. Christian.

## CONCLUSION

For the foregoing reasons, the Court will grant Mr. Edwards leave to proceed *in forma pauperis* and dismiss his complaint without prejudice. An appropriate Order follows.

BY THE COURT:

**s/ Gene E.K. Pratter**
**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**