## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GERALD EDWARDS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 2:24-cv-0398-JDW** |
| | : | |
| **COLEEN CHRISTIAN,** | : | |
| **Defendant.** | : | |

### MEMORANDUM

Gerald Edwards filed an Amended Complaint against Coleen Christian, the Prothonotary of the Bucks County Court of Common Pleas.  I will dismiss the Amended Complaint for failure to state a claim because it is vague, unwieldly, and largely incomprehensible. Because Mr. Edwards has now had two chances to tell his story, and has failed both times, I will dismiss the Complaint with prejudice.

### I.    FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

Mr. Edwards filed two lawsuits against John and Betty Dougherty in Bucks County Common Pleas Court, arising from a property dispute. He filed one in 2019, and it was terminated in 2022. He filed a second on May 11, 2023, after it was returned to him in April 2023 for nonpayment of filing fees. He seems to think that Ms. Christian violated his rights by failing to act on those (or maybe other) lawsuits. Beyond that, it's hard to make heads or tails of his Amended Complaint.

The disorganized filing consists of (1) a completed copy of the Court's form complaint (Am. Compl. at 52-56); (2) typed pages that appear to respond to or argue with

rulings in this and other cases, (*id.* at 2-5, 8); (3) portions of dockets and matters related to cases in the Bucks County courts, including matters other than Mr. Edwards's lawsuits against the Doughertys (*id.* at 6-7, 9-10, 15-18, 20-24); (4) evidence of Mr. Edwards's incarceration in April 2019 (*id.* at 49); and (5) printouts of legal principles and/or legal definitions (*id.* at 11-14, 19, 25-29, 31-48).

In the portion of the form complaint that ask for information about relevant facts, Mr. Edwards wrote, "[trespass] on property with a fence to lay claim to it & then 2nd time. Then filed charges against me and took a court action at Buck Cty Court and also put me in jail." (*Id.* at 54.) Mr. Edwards adds that "I file 1st suite at Coleen Christian Office was ignored" and that he was ignored again when he filed a second lawsuit. (*Id.*) He seeks $250,000 to compensate him for the relief he sought in his first lawsuit against the Doughertys "as she could not find the mail box" and another $250,000 for the second lawsuit "as she was still acting out side [sic] of scope and out side [sic] of her official office as a private person." (*Id.* at 30.) But other that those statements, there's no narrative that might explain his claims against Ms. Christian.

In a Memorandum and Order dated April 8, 2024, Judge Pratter granted Mr. Edwards leave to proceed *in forma pauperis* and dismissed his Complaint for failure to comply with Federal Rule of Civil Procedure 8 and for failure to state a claim. (ECF Nos. 6 & 7.)

She explained:

Other than generally alleging that Ms. Christian failed to "act on" his lawsuits, Mr. Edwards has not explained what, specifically, Ms. Christian did or did not do, or what she was obligated to do but did not do, that could have resulted in a due process violation.  To the extent Mr. Edwards's claims are in part predicated on the return of his filing due to his failure to pay the fees associated with that filing — the only action fairly attributable to Ms. Christian — he has not alleged any facts suggesting that this act could give rise to a due process claim, especially since it is apparent that he later paid the fee, and his second lawsuit was filed.

*Edwards v. Christian*, No. 24-398, 2024 WL 1517492, at *3 (E.D. Pa. Apr. 8, 2024).  Her opinion informed Mr. Edwards that he could not state a claim by relying heavily on exhibits absent supporting factual allegations and concluded that he failed to allege a factual basis for a conspiracy.  *See id.*  Mr. Edwards received leave to amend and instructions for preparing his amended complaint, including that he should "state the basis for [his] claims against each defendant" and that he should not "rely on the initial complaint or other papers filed in this case to state a claim."  (ECF No. 7.) Mr. Edwards returned with the pending Amended Complaint, which is less clear than his initial Complaint and relies even more heavily on exhibits.

## II.   STANDARD OF REVIEW

Because Mr. Edwards is proceedings *in forma pauperis*, I must determine whether the Amended Complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). I must determine whether the Complaint contains "sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se*,, I construe her allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). he Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, '"pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant '"cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'" *Id.*

I may dismiss a complaint for failing to comply with Federal Rule of Civil Procedure 8. *See Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). Rule 8 requires a pleading to include a "short and plain statement showing that the pleader is entitled to relief," as well as a statement of the court's jurisdiction and a demand for the relief sought. Fed. R. Civ. P. 8(a). In determining whether a pleading meets Rule 8's "plain" statement requirement, I must "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by [the named] defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). "Naturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not

satisfy Rule 8." *Id.* (internal quotations omitted). The important consideration whether, "a pro se complaint's language... presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

## III.   DISCUSSION

Mr. Edwards presumably brings his claims against Ms. Christian pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a Section 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998); *see also Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018).

Mr. Edwards's Amended Complaint is even less clear than his initial Complaint. Other than general grievances that the office of the Prothonotary, which Ms. Christian manages, is not well run, and allegations that Ms. Christian failed to act on unspecified lawsuits in unspecified ways, Mr. Edwards does not allege any specific facts explaining what Ms. Christian did or did not do that could support an inference that she violated his rights, even under the most liberal interpretation possible.  (*See, e.g.*, Am. Compl. at 2

(alleging that Ms. Christian "can not even conduct the business of the Prothonotary office"); *id.* at 5 (stating that Ms. Christian "will not file an proceed with my law suite [sic] on the Dougherty's").) Due to the disorganized way Mr. Edwards has presented his allegations and the unexplained exhibits, it is unclear which specific cases or proceedings underlie his federal claims and what happened during those state court proceedings that gives rise to a claim against Ms. Christian. For these reasons, Mr. Edwards has failed to state a claim against Ms. Christian under § 1983 or any other legal provision. *See generally Garrett*, 938 F.3d at 94 (allegations that are "vague and ambiguous" are insufficient to state a claim); *RD Legal Funding, LLC v. Barry A. Cohen, P.A.*, No. 13-77, 2013 WL 1338309, at *2 (D.N.J. Apr. 1, 2013) ("Plaintiff cannot meet its pleading requirements under Rule 8(a) by attaching numerous exhibits to its Complaint.").

Although I can't tell for sure, it looks like Mr. Edwards attempted to expand the scope of claims in his Amended Complaint to cover the state court's handling of matters in Bucks County that other lawsuits that Mr. Edwards has filed in this Court have addressed. *See* Civil Action Nos. 18-4776, 18-4777, 19-1897, 19-3559, 19-4609, 19-4851, 19-4923, 19-5806, 20-307, 22-2062.  Due to Mr. Edwards's filing of repetitive cases about citations he received in Bucks County related to his property and a related incarceration in Bucks County, the Court has enjoined Edwards "from raising new claims [in this Court] based on the citations related to his property, the proceedings in state court related to those citations, including but not limited to *Commonwealth v. Edwards*, CP-09-SA-

6

0000219-2018 (C.P. Bucks Cty.), and the conditions of his related imprisonment at the Bucks County Correctional Facility, including his five-day imprisonment in April of 2019." *Edwards v. Hessenthaller*, No. 20-307 (E.D. Pa.) (ECF No. 7) (footnote omitted).  To the extent he intended to pursue claims covered by the injunction, he may not do so. Accordingly, the Court will dismiss the Amended Complaint.

Mr. Edwards has had two changes to tell his tale. He hasn't done so. What's worse, his Complaint became more unwieldly and less comprehensible after he received Judge Pratter's opinion and then amended his Complaint. Based on that, I conclude that it would be futile for Mr. Edwards to amend his pleading yet again. *See Jones v. Unknown D.O.C. Bus Driver & Transportation Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by pro se litigant would be futile when he "already had two chances to tell his story"). I will therefore dismiss his claims with prejudice.

## IV.   CONCLUSION

I will dismiss Mr. Edwards' claims with prejudice because he has not stated a plausible claim, despite two chances to do so. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

May 29, 2024